IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLAN ELIAS, ) | |
| ) | Case No. CV-05-511-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM ORDER** |
| v. ) | |
| ) | |
| SCOTT DOMINGUEZ, by and through his ) | |
| guardian and conservator, JACKIE HAMP, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| KERR-McGEE CHEMICAL ) | |
| CORPORATION, and KERR-McGEE ) | |
| CHEMICAL, L.L.C., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

The Clerk of Court conditionally filed Plaintiff's Civil Rights Complaint on December 20, 2005. This case was reassigned to this Court to determine whether the Complaint is subject to dismissal under 28 U.S.C. § 1915. The Court also reviews Plaintiff's other requests. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**MEMORANDUM ORDER  1**

# REVIEW OF COMPLAINT

## A. Background

Plaintiff is a federal prisoner. Prior to his incarceration, he owned a business. An employee of his business, Defendant Dominguez, obtained a state court judgment against Plaintiff for injuries resulting from an on-the-job incident. Plaintiff now asserts that the state district court had no jurisdiction to hear the claim, because state law provides that the Idaho Industrial Commission has exclusive jurisdiction over such actions and that Idaho law provides that the state courts have no jurisdiction to hear such claims. Plaintiff alleges that, "[s]ince the state courts acted without jurisdiction, Plaintiff has been deprived of property in violation of the Due Process Clause of the Federal constitution[,] which confers jurisdiction on this Court without regard to diversity of citizenship." Plaintiff seeks to have the state court judgments against him declared "null and void."

## B. Standard of Law

The Court is required to review prisoner in forma pauperis complaints to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28

**MEMORANDUM ORDER  2**

U.S.C. § 1915.

Whether federal subject matter jurisdiction exists is a question of law.  *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).  A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional."  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).   "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights."  *Id.* at 486 (internal citation omitted).  Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court."  *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986).  This rule of law is known as the "*Rooker-Feldman* doctrine."

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject matter jurisdiction over a proceeding in "which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'"  *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citing *Johnson v. De Grandy*, 512, U.S. 997, 1005-06 (1994)).  The doctrine

**MEMORANDUM ORDER  3**

bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Mann*, 415 F.3d at 1042 (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

The *Rooker-Feldman* doctrine applies notwithstanding a plaintiff's contention in federal court "that the state court did not have jurisdiction to render a judgment." *Mann*, 415 F.3d at 1043 n.6.  However, the *Rooker-Feldman* doctrine "will give way where Congress otherwise grants federal courts the authority to review state court judgments." *Id*. at 1047.

**C.    Discussion**

Here, Plaintiff asserts that the state court was without subject matter jurisdiction to entertain the cause of action filed by Dominguez.  In *Mann*, the federal court reasoned that "the state court necessarily must have concluded it had jurisdiction" when it rendered a decision on the merits of the case at issue, and, therefore, the jurisdictional issue raised in federal court was "inextricably intertwined with the state court judgment." *Id*. at 1043.  Plaintiff's contentions of lack of subject matter jurisdiction are similar, and alone are not enough to overcome the *Rooker-Feldman* bar.

Rather, in order to overcome *Rooker-Feldman*, Plaintiff has to point to a

**MEMORANDUM ORDER  4**

federal statute showing that Congress has "permit[ted] federal courts to review state court judgments." *Id.*  Plaintiff's citation to 28 U.S.C. § 1331, the general "federal question" jurisdictional statute is not enough to overcome *Rooker-Feldman*.  In *Mann*, the court determined that the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901, *et seq.*, together with 28 U.S.C. § 1331, constituted Congressional authorization for a federal district court to hear a case challenging a state court termination of parental rights and adoption of an Indian child.  The *Mann* court "conclude[d] that § 1914 provides the federal courts authority to invalidate a state court foster care placement or termination of parental rights if it is in violation of § 1911, 1912, or 1913." *Id.* at 1047.  In contrast, Plaintiff has pointed to no particular statute like the ICWA authorizing his cause of action.  For this reason, the Court concludes that his Complaint is subject to dismissal.  As a result, Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Docket No. 1) is moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint (Docket No. 3) is DISMISSED with prejudice.

**MEMORANDUM ORDER  5**

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Docket No. 1) is MOOT.

DATED:  **March 7, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**MEMORANDUM ORDER  6**